# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FOREIGN MINISTRY AFFAIRS, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:21-cv-00785-DAD-SKO<br><br>**FIRST SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(Doc. 1)**<br><br>**THIRTY DAY DEADLINE** |

Chris Epperson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. Currently before the Court is Plaintiff's complaint, filed on May 14, 2021. (Doc. 1.)

## I.　　LEGAL STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of

the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II.     PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form provided by this Court. The caption of the complaint lists the "Foreign Ministry Affairs" located in Moscow, Russia, as the defendant. (Doc. 1.) The complaint lists as defendants: "Putin Vladimir," George W. Bush, Hillary Clinton, and David Orsby. (*Id.* at 2–3.) Plaintiff has checked both federal question and diversity of citizenship as the basis of jurisdiction. (*Id.* at 3.) In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, he lists the

1 following: Article III Constitution, Article I Constitution, First Amendment. (*Id*. at 4.) In the section directed to the basis for diversity jurisdiction, Plaintiff states that he is a citizen of the State of California, but he leaves blank the section of the complaint form requesting information regarding the defendants' states of citizenship. (*Id*. at 4–5.) The statement of claim and relief sought sections of the complaint are also blank. (*Id*. at 5–6.) Plaintiff lists the amount in controversy as "100 million damages." (*Id*. at 5.)

The Civil Cover Sheet lists the defendant as "Putin Vladimir Foreign Ministry Affairs Moscow" and states that the basis of jurisdiction is "U.S. Government Plaintiff," but identifies the plaintiff as a citizen of this State and the defendant is a citizen or subject of a foreign country. (Doc. 1-1.) The nature of suit is listed as "other civil rights." (*Id*.) The origin of the proceeding is listed as multidistrict litigation. (*Id*.) The cause of action is described as "Rule 11" and 50 U.S.C. § 2251. (*Id*.) Plaintiff checks the box on the civil cover sheet indicating this is a class action under Federal Rule of Civil Procedure 23, and lists the demand as nine billion dollars. (*Id*.)

### III. DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claims and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A. Rule 8**

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. There are no factual allegations in the complaint that identify the basis of the claim and Plaintiff's

3

references to Articles I, III, and the First Amendment to the U.S. Constitution, without more, are not sufficient to identify the basis of any federal claim. Although the civil cover sheet lists 50 U.S.C. § 2251, that section of Title 50 of the United States Code which involves "War and National Defense" has been repealed.[1] It is equally unclear to what "Rule 11" applies. Plaintiff's citation to Rule 11 and section 2251 is too vague for the Court to determine what he may be referencing. It is Plaintiff's duty to articulate his claim─neither the Court nor the defendants have to try to decipher what claims Plaintiff is asserting in the action.

A complaint is also required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Here, the statement of the claim is blank. It is therefore impossible to determine what Plaintiff is alleging has occurred, or how the defendants are alleged to be responsible.

Further, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The complaint does not list any relief sought. Plaintiff needs to set forth the relief that he is seeking in the action if he elects to file an amended complaint.

**B.     The Foreign Sovereign Immunities Act**

As noted above, the defendants named in the Complaint include the Ministry of Foreign Affairs of Russia. (Doc. 1.) It is unclear from the information contained in the Complaint whether this foreign entity would be subject to the Court's jurisdiction in this matter.

The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Under the FSIA, foreign states generally have immunity from the jurisdiction of United States courts, subject to certain enumerated exceptions. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488–89 (1983) (citing 28 U.S.C. §§ 1604, 1605, 1607). Such exceptions include, but are not limited to, circumstances where the foreign state has explicitly or impliedly waived its immunity, and actions based upon commercial activities of the foreign state

---

[1] The Court notes that Plaintiff has filed other cases in which this Court has found no basis for his alleged causes of action. *See Epperson v. Cederborg*, No. 1:20-CV-01500-NONE-SKO, 2020 WL 6582448, at *3 (E.D. Cal. Nov. 10, 2020); *Epperson v. Foreign Commonwealth Office*, No. 1:18-cv-01386-DAD-SAB (E.D. Cal. Oct. 18, 2018); *Epperson v. N. Dist. of Alabama*, No. 1:18-CV-1028 AWI EPG, 2018 WL 10854576, at *1 (E.D. Cal. Aug. 1, 2018); *Epperson v. Oracle Corporation*, No. 1:15-cv-00724-LJO-BAM (E.D. Cal. Oct. 14, 2015).

4

carried on in the United States or causing a direct effect in the United States. *Id*. (citing 28 U.S.C. § 1605(a)(1), (2)). When one of these or another statutory exception applies, "the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Id*. (quoting 28 U.S.C. § 1606).

Without more information clarifying any potential claims against the state entity, it is not clear whether one of the specific exceptions to foreign sovereign immunity would allow for the Complaint to move forward as to that defendant.

### C. Plaintiff Cannot Maintain a Class Action

Plaintiff's civil cover sheet indicates that the complaint is a class action under Federal Rule of Civil Procedure 23. (Civ. Cover Sheet 1.) Plaintiff cannot bring a class action. *Halet v. Wend Inv. Co.,* 672 F.2d 1305, 1308 (9th Cir.1982) (party must assert [his] own rights not those of third parties) (citing *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 80 (1978)). Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. *See White v. Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action claims because Plaintiff, as a pro se litigant, was not able to act as an adequate class representative) (citing Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class"); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others)).

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others." *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008). It does not appear from the face of the complaint that the statutory exception to this rule permitting Plaintiff to prosecute an action on behalf of others is present. *See id.* at 664 n.6. Plaintiff's privilege to appear in propria persona is a "privilege [that] is personal to him [and] [h]e has no authority to appear as an attorney for others than himself." *McShane*, 366 F.2d at 288.

Therefore, unless Plaintiff can provide facts demonstrating that he is statutorily authorized to pursue a claim on behalf of a class, Plaintiff must amend his complaint to proceed as an individual litigant.

**IV.     CONCLUSION AND ORDER**

For the reasons discussed, Plaintiff has failed to state a claim in this action. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. *See Lopez*, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint; and
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed consistent with the reasons stated in this order.**

IT IS SO ORDERED.

Dated:  **May 20, 2021**                                 /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE