# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FOREIGN MINISTRY AFFAIRS, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:21-cv-00785-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY**<br><br>**(Doc. 1)**<br><br>**THIRTY DAY DEADLINE**<br><br>**ORDER STRIKING UNSIGNED PLEADING FROM THE RECORD**<br><br>**(Doc. 5)** |

Chris Epperson ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. Currently before the Court is Plaintiff's complaint, filed on May 14, 2021. (Doc. 1.) On May 21, 2021, a screening order issued finding that Plaintiff had failed to state a cognizable claim and granting Plaintiff leave to file an amended complaint within thirty days. (Doc. 4.) On June 14, 2021, Plaintiff filed an unsigned document titled "Amended Complaint." (Doc. 5.) The undersigned strikes the unsigned document and further recommends this action be dismissed for failure to state a claim and failure to comply.

## I.　　LEGAL STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). . A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

| | |
|---|---|
| 1 | **II.    PLAINTIFF'S COMPLAINT** |

Plaintiff drafted his complaint, filed May 14, 2021, using the general complaint form provided by this Court. The caption of the complaint lists the "Foreign Ministry Affairs" located in Moscow, Russia, as the defendant. (Doc. 1.) The complaint lists as defendants: "Putin Vladimir," George W. Bush, Hillary Clinton, and David Orsby. (*Id*. at 2–3.) Plaintiff has checked both federal question and diversity of citizenship as the basis of jurisdiction. (*Id*. at 3.) In the section in which he is asked to indicate which of his federal constitutional or federal statutory rights have been violated, he lists the following: Article III Constitution, Article I Constitution, First Amendment. (*Id*. at 4.) In the section directed to the basis for diversity jurisdiction, Plaintiff states that he is a citizen of the State of California, but he leaves blank the section of the complaint form requesting information regarding the defendants' states of citizenship. (*Id*. at 4–5.) The statement of claim and relief sought sections of the complaint are also blank. (*Id*. at 5–6.) Plaintiff lists the amount in controversy as "100 million damages." (*Id*. at 5.)

The Civil Cover Sheet lists the defendant as "Putin Vladimir Foreign Ministry Affairs Moscow" and states that the basis of jurisdiction is "U.S. Government Plaintiff," but identifies the plaintiff as a citizen of this State and the defendant is a citizen or subject of a foreign country. (Doc. 1-1.) The nature of suit is listed as "other civil rights." (*Id*.) The origin of the proceeding is listed as multidistrict litigation. (*Id*.) The cause of action is described as "Rule 11" and 50 U.S.C. § 2251. (*Id*.) Plaintiff checks the box on the civil cover sheet indicating this is a class action under Federal Rule of Civil Procedure 23, and lists the demand as nine billion dollars. (*Id*.)

### III.    DISCUSSION

For the reasons discussed below, the undersigned finds that the complaint does not state any cognizable claims. Plaintiff was provided with the legal standards that appear to apply to his claims and was granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.    Rule 8**

Rule 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating

that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. There are no factual allegations in the complaint that identify the basis of the claim and Plaintiff's references to Articles I, III, and the First Amendment to the U.S. Constitution, without more, are not sufficient to identify the basis of any federal claim. Although the civil cover sheet lists 50 U.S.C. § 2251, that section of Title 50 of the United States Code which involves "War and National Defense" has been repealed.[1] It is equally unclear to what "Rule 11" applies. Plaintiff's citation to Rule 11 and section 2251 is too vague for the Court to determine what he may be referencing. It is Plaintiff's duty to articulate his claim—neither the Court nor the defendants have to try to decipher what claims Plaintiff is asserting in the action.

A complaint is also required to contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Here, the statement of the claim is blank. It is therefore impossible to determine what Plaintiff is alleging has occurred, or how the defendants are alleged to be responsible.

Further, Rule 8 requires that the complaint must state a demand for the relief sought. Fed. R. Civ. P. 8(a)(3). The complaint does not list any relief sought. Plaintiff was previously advised that in filing any amended complaint, he needed to set forth the relief he is seeking in the action.

### B. The Foreign Sovereign Immunities Act

As noted above, the defendants named in the Complaint include the Ministry of Foreign Affairs of Russia. (Doc. 1.) It is unclear from the information contained in the Complaint whether this foreign entity would be subject to the Court's jurisdiction in this matter.

The Foreign Sovereign Immunities Act ("FSIA") "provides the sole basis for obtaining

---

[1] The Court notes that Plaintiff has filed other cases in which this Court has found no basis for his alleged causes of action. *See Epperson v. Cederborg*, No. 1:20-CV-01500-NONE-SKO, 2020 WL 6582448, at *3 (E.D. Cal. Nov. 10, 2020); *Epperson v. Foreign Commonwealth Office*, No. 1:18-cv-01386-DAD-SAB (E.D. Cal. Oct. 18, 2018); *Epperson v. N. Dist. of Alabama*, No. 1:18-CV-1028 AWI EPG, 2018 WL 10854576, at *1 (E.D. Cal. Aug. 1, 2018); *Epperson v. Oracle Corporation*, No. 1:15-cv-00724-LJO-BAM (E.D. Cal. Oct. 14, 2015).

4

jurisdiction over a foreign state in the courts of this country." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Under the FSIA, foreign states generally have immunity from the jurisdiction of United States courts, subject to certain enumerated exceptions. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 488–89 (1983) (citing 28 U.S.C. §§ 1604, 1605, 1607). Such exceptions include, but are not limited to, circumstances where the foreign state has explicitly or impliedly waived its immunity, and actions based upon commercial activities of the foreign state carried on in the United States or causing a direct effect in the United States. *Id*. (citing 28 U.S.C. § 1605(a)(1), (2)). When one of these or another statutory exception applies, "the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Id*. (quoting 28 U.S.C. § 1606).

The Complaint is devoid of any allegations that would enable the undersigned to determine whether any of the specific exceptions to foreign sovereign immunity would allow for the Complaint to move forward as to that defendant.

### C. Plaintiff Cannot Maintain a Class Action

Plaintiff's civil cover sheet indicates that the complaint is a class action under Federal Rule of Civil Procedure 23. (Civ. Cover Sheet 1.) Plaintiff cannot bring a class action. *Halet v. Wend Inv. Co.,* 672 F.2d 1305, 1308 (9th Cir.1982) (party must assert [his] own rights not those of third parties) (citing *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 80 (1978)). Plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. *See White v. Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (upholding dismissal of class action claims because Plaintiff, as a *pro se* litigant, was not able to act as an adequate class representative) (citing Fed. R. Civ. P. 23(a)(4) (requiring that class representative be able "to fairly and adequately protect the interests of the class")); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (lay person lacks authority to appear as an attorney for others)).

"[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others." *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008). It does not appear from the face of the complaint that the statutory exception to this rule

1 permitting Plaintiff to prosecute an action on behalf of others is present. *See id.* at 664 n.6. Plaintiff's privilege to appear in propria persona is a "privilege [that] is personal to him [and] [h]e has no authority to appear as an attorney for others than himself." *McShane*, 366 F.2d at 288.

Plaintiff has provided no facts demonstrating that he is statutorily authorized to pursue a claim on behalf of a class.

## IV. UNSIGNED PLEADING

Plaintiff filed a document titled "Amended Complaint" on June 14, 2021.[2] (Doc. 5.) The document is unsigned. Unsigned documents cannot be considered by the Court, and the amended complaint shall be stricken from the record on that ground. Fed. R. Civ. P. 11(a); Local Rule 131(b).

Further, even if this document was considered, it would not suffice to state a claim in this action. The document does not identify any defendants and there are no facts alleged that would cause the Court to reasonably infer that Plaintiff was entitled to any relief in this action pursuant to the United States Code provision reproduced therein.

## V. DISMISSAL FOR FAILURE TO STATE A CLAIM

For the reasons discussed above, Plaintiff's complaint was screened and it was determined that Plaintiff failed to state a cognizable claim. An order issued on May 21, 2021, and Plaintiff was provided with thirty days in which to file an amended complaint. (Doc. 4.) In the May 21, 2021 order, Plaintiff was advised that if he failed to file an amended complaint, it would be recommended that this action be dismissed for the reasons stated in the order. (*Id.* at 6.) More than thirty days have passed, Plaintiff has not filed a rule-compliant amended complaint that cures the identified deficiencies, and his unsigned pleading does not indicate that Plaintiff can allege any facts that would state a claim in this action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of

---

[2] The document is an Internet-based printout of 32 U.S.C. § 716, which pertains to the government's waiver of claims of overpayment made against current and former members of the National Guard.

6

the action. *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Where a plaintiff fails to file an amended complaint after being provided with leave to amend to cure the failure to state a claim, a district court may dismiss the entire action. *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* Plaintiff was ordered to file an amended complaint to cure the deficiencies that were identified in his complaint within thirty days of May 21, 2021. Plaintiff has been provided with the legal standards that would apply to his claims and the opportunity to file an amended complaint. Plaintiff has neither filed a rule-compliant amended complaint nor sought an extension of time to do so. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that

7

1 Plaintiff does not intend to diligently litigate this action.

2 Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's May 21, 2021 order requiring Plaintiff to file an amended complaint expressly stated: "**If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the assigned district judge that this action be dismissed consistent with the reasons stated in this order**." (Doc. 4 at 6 (emphasis in original).) Thus, Plaintiff had adequate warning that dismissal of this action would result from his noncompliance with the Court's order and his failure to state a claim.

Based on the foregoing, the Court recommends that this action be dismissed for Plaintiff's failure to state a claim and failure to comply.

## VI. CONCLUSION AND RECOMMENDATION

Plaintiff filed a complaint that failed to state a cognizable claim in this action. Plaintiff was provided with the legal standards that apply to his claims and provided with the opportunity to file an amended complaint. Plaintiff has failed to comply with the May 21, 2021 order and for the reasons discussed herein, IT IS HEREBY RECOMMENDED that this matter be dismissed for failure to state a claim and failure to comply.

IT IS FURTHER ORDERED that Plaintiff's unsigned filing of June 14, 2021, (Doc. 5), is STRICKEN FROM THE RECORD.

These findings and recommendation are submitted to the district judge assigned to this

action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within thirty (30) days of service of this recommendation**, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 29, 2021**__            /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE